UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| ELIZABETH CHRISTENSEN, *Administratrix of the Estate of Mayfield Pennington*, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 14-24-ART **MEMORANDUM OPINION & ORDER** |
|---|---|---|
| Plaintiff, | | |
| v. | | |
| ATS, INC., et al., | | |
| Defendants. | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Just as Cerberus stood watch at the entrance to Hades, the plaintiff's many-headed theory of tort liability guards against removing this case from state to federal court. This Court lacks jurisdiction over this matter unless the defendants can demonstrate that none of the plaintiff's theories could possibly succeed against defendant Bailey's Furniture, LLC, whose presence as a defendant destroys federal diversity jurisdiction. Since the defendants have successfully defeated each of the plaintiff's theories, the Court will deny the plaintiff's motion to remand this case to the Kentucky court whence it came and dismiss Bailey's Furniture as a defendant.

### BACKGROUND

The trouble started when Bailey's Furniture placed an order for mattresses with Corsicana Bedding. R. 1-2. Edward O. Carter, a truck driver employed by ATS, Inc., R. 1 at 2–3, picked up those mattresses from Corsicana Bedding and transported them to Bailey's Furniture, in Salyersville, Kentucky, R. 12-2. After Carter left Bailey's

Furniture, he continued on his way toward Pikeville, Kentucky. *Id.* En route, he collided with Mayfield Pennington's vehicle, and Pennington died as a result of injuries sustained during the accident. R. 1-1 at 6–10; R. 12-3.

The plaintiff, as administratrix of Pennington's estate, filed suit in state court. R. 1-1 at 4. She brought state-law tort claims against three defendants: ATS, a Minnesota citizen; Carter, a Tennessee citizen; and Bailey's Furniture, a Kentucky citizen. *Id.* at 5. As relevant here, she alleged that Bailey's Furniture was negligent when it failed to exercise ordinary care in transacting business with ATS and Carter. *Id.* at 9. She also alleged, pursuant to Ky. Rev. Stat. § 446.070, that Bailey's Furniture was negligent *per se* because it violated a state statutory duty of care. *Id.* at 9–10. The defendants quickly removed the case to federal court pursuant to 28 U.S.C. § 1441, R. 1, and the plaintiff moved to remand the case shortly thereafter, R. 9.

## DISCUSSION

Because the plaintiff presented no federal question in her state-court complaint, only one possible basis for federal jurisdiction remains: diversity. The Court possesses diversity jurisdiction under 28 U.S.C. § 1332 where there is complete diversity between the parties. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). That is, a plaintiff cannot share her state of citizenship with any defendant and still pursue her claims in federal court. In this case, both the plaintiff and Bailey's Furniture are Kentucky citizens. *See* R. 1 at 2; *see also* 28 U.S.C. § 1332(c)(2) (ascribing the decedent's citizenship to the legal representative of his estate).

To avoid remand for lack of diversity jurisdiction, the defendants contend that the plaintiff fraudulently joined Bailey's Furniture to defeat federal jurisdiction. R. 1 at 2–3.

Under the doctrine of fraudulent joinder, federal courts may sever a non-diverse defendant from the case if the claim against him is so frivolous that its only conceivable purpose is to destroy diversity and prevent removal. *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 594 (E.D. Ky. 2011). To obtain this relief, the removing party must demonstrate that the plaintiff has "no colorable cause of action" against the non-diverse defendant. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). If the plaintiff has even a "glimmer of hope," then any charge of fraudulent joinder fails, *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 597 (internal quotation marks and citation omitted), and the Court must remand the case to state court for want of subject-matter jurisdiction, *Saginaw Hous. Comm'n*, 576 F.3d at 624.[1]

## I.     The Plaintiff Did Not State a Colorable Claim of Negligence *Per Se*.

The plaintiff's first claim is for negligence *per se*. In Kentucky, negligence *per se* is "merely a negligence claim with a statutory standard of care substituted for the common law standard of care." *Young v. Carran*, 289 S.W.3d 586, 588–89 (Ky. Ct. App. 2008) (internal quotation marks omitted). The legislature codified this common law doctrine as Ky. Rev. Stat. § 446.070, which provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." *Young*, 289 S.W.3d at 589. Interpreting this statute, Kentucky courts have identified several conditions that must exist before liability may attach. First, § 446.070's "any statute"

---

[1] The Court has previously explained that the doctrine of fraudulent joinder makes little sense, because it "requires federal courts to exercise jurisdiction where none exists over questions of state law that the state courts are better suited to address themselves." *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 597. However, fraudulent joinder remains the law of this circuit, so the Court will faithfully apply that doctrine.

3

language refers only to Kentucky statutes and does not include federal law or local ordinances. *Id.* Next, the statute in question cannot provide an inclusive civil remedy. *Id.* The plaintiff must be within the class of persons the statute is intended to protect, *id.*, and the legislature must have intended the statute to prevent the type of occurrence that took place, *McCarty v. Covol Fuels No. 2, LLC*, No. 4:10-cv-11, 2013 WL 5657599, at *6 (W.D. Ky. Oct. 16, 2013) (citing *Lewis v. B&R Corp.*, 56 S.W.3d 432, 438 (Ky. Ct. App. 2001)). Finally, the violation must have been a substantial factor in causing the plaintiff's injury. *Id.*

The fate of the plaintiff's motion to remand hangs on whether Bailey's Furniture had, and breached, a statutory duty of care. Analyzing this requires the Court to unpack the legal equivalent of Russian matryoshka dolls: a series of nested federal and state regulations and statutes. *See McClung v. Songer Steel Servs., Inc.*, No. 2:12-341, 2014 WL 793133, at *9 n.8 (W.D. Pa. Feb. 26, 2014) (describing matryoshka dolls as "a set of wooden dolls of decreasing size placed one inside the other" (internal quotation marks omitted)). As the plaintiff explains, pursuant to the Federal Motor Safety Carrier Regulations ("FMCSR"), no one may operate a commercial motor vehicle without tires bearing a sufficiently deep tread groove pattern.[2] R. 10 at 6 (citing 49 C.F.R. § 393.75); *see also* R. 10-1 (police report citing Carter for violating this regulation). Kentucky has absorbed this portion of the FMCSR into its administrative regulations. 601 Ky. Admin. Reg. 1:005. Administrative regulations have the force and effect of law in Kentucky, *see*

---

[2] The plaintiff also insinuates that someone violated 49 C.F.R. § 397.17. R. 10 at 6. But that regulation applies only to motor carriers engaged in the transportation of hazardous materials. § 397.1. The Court has no cause to believe that Carter was carrying anything but mattresses and consequently finds this regulation inapplicable. *See* R. 10-1 (describing the cargo under Carter's care as "Household Goods").

4

*Centre College v. Trzop*, 127 S.W.3d 562, 566 (Ky. 2003), and a Kentucky statute renders it unlawful "for the owner, or any other person, employing or otherwise directing the operator of any vehicle, to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law," Ky. Rev. Stat. § 189.224. The upshot is this: for Bailey's Furniture to have violated a statutory duty of care, it must (1) be an owner or other person, (2) have employed or otherwise directed Carter, and (3) have required or knowingly permitted him to operate his vehicle upon the highway with a tread groove pattern that violated the FMCSR.

The first prong of this analysis poses no problems for the plaintiff: Bailey's Furniture plausibly qualifies as an "other person." The second prong is harder, but ultimately tilts in the plaintiff's favor. Bailey's Furniture did not employ Carter (ATS did), but what does it mean to direct him? Might something as simple as giving Carter instructions on how to continue on his journey (e.g., "turn left at the light, merge onto the highway, and drive straight for 15 miles") suffice? Common sense counsels against giving the word "direct" such an expansive interpretation that it captures the recipients of shipments. *See* R. 18 at 2 (describing a parade of horribles that could ensue if Kentucky makes buyers liable for tortious behavior during the course of the delivery of goods by a third party hired by the seller); *Collins v. Buddy Moore Trucking, Inc.*, No. 11-173, 2012 WL 424890, at *3 (E.D. Ky. Feb. 9, 2012) (same). But common sense alone does not rule the day in fraudulent joinder cases, and the Court acknowledges that "direct" remains ambiguous in the absence of Kentucky precedent interpreting the statutory language. *See Banks v. Dep't of Educ., Bureau of Rehab.*, 462 S.W.2d 428, 430 (Ky. 1971) (making only a passing reference to § 189.224 in the only known state case to rely on the statute). The

5

Court must resolve any ambiguities in the controlling state law in favor of the plaintiff. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.* (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). Accordingly, the Court will assume that even *de minimis* directions by the recipient of a shipment of goods could trigger liability under § 189.224.

The plaintiff's ship ultimately founders on the rocky shoals of the third prong. The relevant statutory language is this: "knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law." Ky. Rev. Stat. § 189.224. Construed according to ordinary principles of statutory interpretation, the word "knowingly" applies to the entire object of the transitive verb, "to permit." *See Flores-Figueroa v. United States*, 556 U.S. 646, 650–53 (2009) (explaining how to construe statutes containing "knowingly" according to ordinary usage and statutory interpretation principles). Thus, in the statute at issue here, knowingly modifies "in any manner contrary to law"—meaning that Bailey's Furniture must have known of the wretched state of Carter's tread grooves for liability to arise under § 189.224. And the plaintiff has not alleged—not in her complaint, and not elsewhere—that Bailey's Furniture *knew* that Carter was driving an unsafe vehicle in violation of the FMCSR. In fact, she has suggested the opposite: that Bailey's Furniture "was in the best and last position to observe [the condition of] the commercial motor vehicle" and failed to do so. R. 10 at 7.

Without any reason to believe that Bailey's Furniture violated § 189.224, the plaintiff has no "glimmer of hope" that her claim against Bailey's Furniture for negligence

*per se* might succeed. *See* Ky. Rev. Stat. § 446.070 (providing that "[a] person *injured by the violation of any statute* may recover from the offender such damages as he sustained by reason of the violation" (emphasis added)). The outcome of her motion to remand therefore turns on her sole remaining claim against Bailey's Furniture.

## II. The Plaintiff Has No Colorable Claim For Negligence.

In order to state a negligence claim under Kentucky law, the plaintiff must establish (1) a duty on the part of Bailey's Furniture, (2) a breach of that duty, and (3) injury. *Collins*, 2012 WL 424890, at *2 (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). The plaintiff points to three sources that might supply Bailey's Furniture's duty of care: a contract, the common law, and the FMCSR. For the reasons discussed below, none of these vested Bailey's Furniture with a duty toward Pennington. Accordingly, the plaintiff cannot sustain a negligence claim against Bailey's Furniture.

The plaintiff first proposes a contractually created duty of care. Specifically, the plaintiff argues that a contract between Corsicana Bedding and ATS required those parties to ensure that Carter operated his vehicle with ordinary care and in compliance with applicable law. R. 10 at 5. As a third-party beneficiary, Bailey's Furniture supposedly also had to adhere to the contract's terms. *Id.* As far as the Court can tell, however, this contract and its terms spring entirely from the plaintiff's imagination. The parties have provided the Court with no shipping contract, just with a sales invoice prepared by Corsicana Bedding after Bailey's Furniture placed an order for its wares, R. 1-2. Nor have they described any specific terms that the contract, if it existed, contained. The Court cannot pull a contractual provision out of thin air, apply it to a third party like

7

Bailey's Furniture, and pronounce itself satisfied that Bailey's Furniture owed a duty of care to Pennington. *Cf. Collins*, 2012 WL 424890, at *3 (citing *Penco, Inc. v. Detrex Chem. Indus., Inc.*, 672 S.W.2d 948, 951 (Ky. Ct. App. 1984)) ("Kentucky courts disfavor reading broad duties into contracts when it is not clear that a party intended to take on the responsibility.").

Second, the plaintiff draws on the common law to suggest that Bailey's Furniture had the ability to exercise control over Carter while he waited on its premises, such that it assumed a duty for the condition of his vehicle. R. 15 at 8–10. In such claims, "the alleged tortfeasor's *ability to control* the person causing the harm assumes primary importance." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 851 (Ky. 2005) (emphasis in original). That is, the alleged tortfeasor must have had some sort of leverage over the person under control, and that leverage must relate to the harm caused by that person, "such that its exercise would restrict the person's ability to cause harm." *Id.* at 853. As the defendants rightly point out, Bailey's Furniture's relevant conduct consisted solely of ordering products from another company. That company, Corsicana Bedding, independently arranged for delivery by ATS, which employed and directed Carter. R. 12 at 6. Bailey's Furniture therefore stood at two degrees of removal from Carter. Bailey's Furniture could not have, for example, sent Carter off on a delivery that ATS had not expressly authorized him to make. Nor could it have ordered him to remain on its premises indefinitely. Therefore, the Court finds that Bailey's Furniture lacked any ability to control Carter in any manner giving rise to a duty of reasonable care.

Finally, the plaintiff argues that Bailey's Furniture, as a registered motor carrier, had a heightened duty of care thanks to the FMCSR. R. 15 at 4–5. The responsibilities

8

imposed by the FMCSR on motor carriers apply to Bailey's Furniture only when it engages in the transportation of goods or passengers. *See* 49 C.F.R. § 390.5; *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 507 (7th Cir. 2009). Bailey's Furniture did not act in its capacity as a motor carrier when it interacted with Carter and ATS. Consequently, Bailey's Furniture had no heightened duty of care simply by virtue of its status as a registered motor carrier.

Like the plaintiff's negligence *per se* claim, the plaintiff's negligence claim fails to pass "Go." Since Bailey's Furniture owed Pennington no applicable duty of care, there is no reasonable basis to predict that a Kentucky court would hold it liable for negligence in relation to Pennington's death.

## CONCLUSION

Ultimately, no hope remains that the plaintiff might prevail on her negligence or negligence *per se* causes of action. The Court will therefore sever Bailey's Furniture as a defendant under the fraudulent joinder doctrine, thereby rendering all defendants diverse from the plaintiff and ensuring that the Court has diversity jurisdiction over this action.

Accordingly, it is **ORDERED** that

(1)     The plaintiff's motion to remand, R. 9, is **DENIED**.

(2)     The Clerk shall **TERMINATE** Bailey's Furniture as a defendant.

(3)     Bailey's Furniture's motion to dismiss, R. 13, is **DENIED AS MOOT**.

This the 30th day of May, 2014.



Signed By:
*Amul R. Thapar* AT
United States District Judge